IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM KIMBLE,                )
                               )
       Plaintiff,              )
                               )
       v.                      )      1:18CV943
                               )
JASON S. THOMAS,               )
                               )
       Defendant(s).           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, William Kimble, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names Jason S. Thomas, a sheriff's deputy in Cabarrus County, North Carolina, as the only Defendant in this case. Plaintiff alleges that he was a registered sex offender entitled to a reduction in the period of time he had to register as a sex offender. He believes, as indicated in the Complaint and in a number of prior cases filed by Plaintiff, that Defendant failed to inform him of this fact, leading to an arrest and criminal conviction in state court after Plaintiff subsequently failed to meet his registration obligations.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id.  (quoting Twombly, 550 U.S. at 557).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

As an initial matter, the Court notes that Plaintiff's claim undermines his state court criminal conviction or sentence. Plaintiff is not permitted to do this without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

Plaintiff fails to do so and, therefore, dismissal is proper for this reason alone to the extent that Plaintiff's claim calls his conviction into question.

Further, the application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The statute of limitations in this case is three years. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. Here, Plaintiff claims that the events giving rise to his Complaint occurred between February 19, 2015 and June 15, 2015. (Complaint [Doc. #2], § IV(C).) Plaintiff signed the Complaint on November 6, 2018 and mailed it thereafter. Clearly, he filed the case more than three years after the events giving rise to the Complaint occurred. Plaintiff may contend that he did not actually know of his alleged eligibility for removal from the sex offender registry and Defendant's alleged failure to inform him of that eligibility until sometime later, but the law that allegedly allowed him to be removed and reasons compelling him to perform a reasonable inquiry of his rights

4

existed at the time of the alleged events in the Complaint.  Plaintiff's claim is barred by the applicable statute of limitations.

Finally, Plaintiff fails to state a viable claim for relief for two reasons.  First, he alleges no facts establishing that Defendant had any legal obligation, much less an obligation under federal law or the United States Constitution, to notify Plaintiff of his alleged eligibility for early removal from the sex offender registry.  Second, as the Court previously explained to Plaintiff in a prior case he filed, Kimble v. Thomas, 1:18CV551 (M.D.N.C.), he is mistaken regarding his eligibility for removal from the sex offender registry.  Under 34 U.S.C. § 20915, the term for a tier I offender, the lowest level of sex offender, is fifteen years and can be reduced to ten years if a clean record is maintained for ten years.  Plaintiff claims to have kept a clean record for only five years.  Therefore, he was not eligible for any reduction in his registration requirement and Defendant cannot have failed to meet any obligation to advise him.  Plaintiff cannot state any claim for relief and his Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment if funds are available.  Having reviewed Plaintiff's application to proceed *in forma pauperis*, the Court

5

concludes that Plaintiff has no available funds and has had no deposits into his trust account in the past six months. Therefore, the Court will not order any initial payment, but will instead set up a schedule for payments should funds become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July of 2019, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and for failing to state a claim upon which relief may be granted.

This, the 8th day of July, 2019.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge